**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS ROBINSON,** *et al.*, | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 19-CV-1689** |
| | : | |
| **PA. DEPT. OF CORRECTIONS,** *et al.*, | : | |
| **Defendants.** | : | |
| | : | |

**<u>MEMORANDUM</u>**

**GOLDBERG, J.**                                                                    **MAY 13, 2019**

Plaintiffs Thomas Robinson and William Hull, prisoners incarcerated at SCI Phoenix, filed this civil action against the Pennsylvania Department of Corrections (DOC), Secretary John Wetzel, and Smart Communications,[1] based on allegations that the DOC's recently-adopted mail policy violates their rights.  They both seek leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Robinson and Hull leave to proceed *in forma pauperis*, dismiss certain of their claims, and direct service of their remaining claims.

## I.      FACTS

On September 7, 2018, Wetzel, in his capacity as Secretary of the DOC, announced a new DOC policy governing inmate mail.  Pursuant to that policy, non-privileged incoming mail addressed to inmates must be sent to Smart Communications' facility in Florida where the mail is scanned, emailed to the facility where the inmate is located, printed by DOC staff, and delivered to the inmate.  Additionally, inmates are required to use envelopes bearing the Florida address as a return address.

---

[1] Although Robinson and Hull refer to this entity as "Smart Communication," the company is "Smart Communications."

Robinson and Hull allege that the mail policy only considers mail coming from the Court to be privileged. They claim that privileged attorney-client mail is reviewed and stored in a manner that violates attorney-client confidentiality. Robinson and Hull assert that they "do not want the defendants copying, storing, [or] destroying any of their property, (i.e. mail), especially court mail, attorney-client privileged mail, legal strategy, banking information, photos, etc." (Compl. at 3, ¶ 15.)

Robinson also alleges that "Defendants PaDOC and Sec. John Wetzel, through their Agents and Representative[s], SCI-Phoenix Security Staff are systematically retaliat[ing]" against him for filing the instant case.[2] (Compl. at 6, ¶ 32; *see also id.* at 9, ¶ 36.).) He asserts that the retaliation "comes in the form of a DC-141 Misconduct," which he received for allegedly disobeying a direct order to pick up his legal mail. (*Id.* at 6, ¶ 33.) Robinson received two such misconducts in mid-December of 2018. (*Id.* at 6, ¶ 33(f).) He claims the misconducts are false because he never received a pass to pick up his mail. It appears that the misconduct charges were dismissed after a hearing but remain in Robinson's file.

Robinson and Hull indicate that they are challenging the mail policy pursuant to 42 U.S.C. § 1981, § 1982, § 1983, § 1985 and § 1986. They suggest that the search and destruction of their mail violates the Fourth Amendment, Eighth Amendment, and the Equal Protection Clause of the Fourteenth Amendment. (*Id.* at 2, ¶ 8.) Robinson also brings claims for retaliation based on the misconducts. The Complaint requests an injunction expunging the disciplinary

[2] Robinson's other pending litigation does not concern prison conditions. He notes that he has four pending cases: (1) his criminal case; (2) a civil case related to his late father's pension benefits; (3) a civil case against his former attorney; and (4) the instant complaint related to his mail. (Compl. at 8, ¶ 33(n).)

charges from Robinson's record, an injunction prohibiting the DOC from applying its mail policy, and punitive damages.

## II.    STANDARD OF REVIEW

The Court will grant Robinson and Hull leave to proceed *in forma pauperis* because it appears that they are incapable of paying the fees to commence this civil action.[3]  As Robinson and Hull are proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the Complaint if it is frivolous or fails to state a claim.  A Complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "[M]ere conclusory statements[] do not suffice." *Id.*  The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  As Robinson and Hull are proceeding *pro se*, the Court construes their allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

### A.  Claims Under § 1981, § 1982, § 1985, and § 1986

Robinson and Hull invoke § 1981, § 1982, § 1985 and § 1986, but those statutes are not applicable to the facts alleged in their Complaint.  Sections 1981 and 1982 prohibit private acts of race discrimination. *See McGovern v. City of Philadelphia*, 554 F.3d 114, 121 (3d Cir. 2009)

---

[3] As Robinson and Hull are both incarcerated, they are both required to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b); *Hagan v. Rogers*, 570 F.3d 146, 155-56 (3d Cir. 2009).

(explaining that § 1981 does not provide a private right of action against a state actor); *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (construing § 1981 and § 1982). "Section 1985(1) prohibits two or more persons from interfering with a federal officer's performance of his duties, and Section 1985(2) prohibits conspiracies to obstruct justice and to intimidate litigants and witnesses." *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 423 n.1 (3d Cir. 2003) (internal citations and quotations omitted). Section 1985(3) prohibits conspiracies motivated by race- or class-based animus to deprive a person or class of persons of equal protection of the laws. *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006). Section 1986 "constitutes an additional safeguard for those rights protected under 42 U.S.C. § 1985, and 'transgressions of § 1986 by definition depend on a preexisting violation of § 1985." *Clark v. Carbaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (quoting *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980)).

Robinson and Hull do not raise allegations of race discrimination, a conspiracy motivated by race- or class-based animus, an interference with federal officials' duties, or any conspiracies to obstruct justice. As there is no reasonable or plausible suggestion that § 1981, § 1982, § 1985, or § 1986 are implicated by the conduct at issue in this case, the Court will dismiss those claims as legally baseless and focus on Robinson and Hull's § 1983 claims. *See, e.g.*, *Jackman v. McMillan*, 232 F. App'x 137, 138 n.2 (3d Cir. 2007) (per curiam).

**B. Claims Under § 1983**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although Robinson and Hull may proceed on their challenge to the DOC's mail policy against tow of the Defendants, their other claims fail.

## 1. Claims Against the DOC

Robinson and Hull cannot state a claim under § 1983 against the DOC. States are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity. *Id.* The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). "Because the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity" and is also not considered a person for purposes of § 1983. *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000); *see also Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (per curiam) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI–Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983."). Accordingly, the Court will dismiss Robinson and Hull's § 1983 claims against the DOC because they lack a legal basis.

## 2. Damages Claims Against Wetzel in his Official Capacity

The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government

agency, and as such, are also barred by the Eleventh Amendment.[4]  *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).  Accordingly, the Court will dismiss Robinson and Hull's damages claims against Wetzel in his official capacity because those claims lack a legal basis.

### 3.  Mail Policy

The Court will construe Robinson and Hull's challenges to the DOC mail policy as claims under the Fourth Amendment and the First Amendment.[5]  *See Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006) ("A state pattern and practice[] . . . of opening legal mail outside the presence of the addressee inmate interferes with protected communications, strips those protected communications of their confidentiality, and accordingly impinges upon the inmate's

---

[4] However, state officials sued in their individual capacities are "persons" within the meaning of Section 1983.  *See Hafer*, 502 U.S. at 31.  Thus, the Eleventh Amendment does not bar suits for monetary damages brought under Section 1983 against state officials in their individual capacities.  *Id.*  The Eleventh Amendment also does not generally bar prospective declaratory or injunctive relief.  *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (explaining that "official-capacity actions for prospective relief are not treated as actions against the State"); *see also Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (holding that "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief."); *O'Callaghan v. Hon. X*, 661 F. App'x 179, 182 (3d Cir. 2016).

[5] The Complaint also invokes the Eighth Amendment and Equal Protection Clause of the Fourteenth Amendment, but those provisions are inapplicable here.  The Eighth Amendment prohibits objectively serious deprivations that result in the minimal civilized measure of life's necessities, a standard that is not met here because the deprivation does not deprive Robinson and Hull of life's necessities and is not alleged to have interfered with their health or safety.  *See Payne v. Duncan*, No. 3:15-CV-1010, 2017 WL 542032, at *9 (M.D. Pa. Feb. 9, 2017) ("Plaintiff's claim for destruction of property under the Eighth Amendment does not constitute a deprivation of life's necessities."), *aff'd*, 692 F. App'x 680 (3d Cir. 2017); *Gorrell v. Yost*, 509 F. App'x 114, 118 (3d Cir. 2013) (per curiam) ("[T]he Eighth Amendment is inapplicable to Gorrell's claims because he has not suffered any interference with his health or basic needs.").  There is no basis for an Equal Protection claim because prisoners are not a protected class for Fourteenth Amendment purposes and Robinson and Hull do not allege any other basis for concluding they were impermissibly discriminated against.  *See Myrie v. Comm'r, N.J. Dep't of Corr.*, 267 F.3d 251, 263 (3d Cir. 2001).

right to freedom of speech.")  The Court will direct service of the Complaint on the remaining Defendants so Robinson and Hull can proceed on those claims.

### 4.  Retaliation

Robinson alleges that prison officials retaliated against him for filing this lawsuit by filing grievances against him.  "To state a claim for retaliation, a prisoner must allege that: (1) he was engaged in constitutionally protected conduct, (2) 'he suffered some adverse action at the hands of prison officials,' and (3) 'his constitutionally protected conduct was a substantial or motivating factor in the decision' to take that action."  *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (per curiam) (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)) (internal quotations omitted).  Here, Robinson alleges that DOC officials subjected him to false misconducts in December of 2018 for filing this lawsuit.  However, Robinson did not file this lawsuit until April of 2019.  Accordingly, the false misconducts could not have been motivated by the filing of this lawsuit, which occurred four month later.[6]  As it does not appear that Robinson can allege a retaliation claim because of that fact, the Court will dismiss Robinson's retaliation claim with prejudice for failure to state a claim.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Robinson and Hull leave to proceed *in forma pauperis* and dismiss the following claims: (1) all claims under 42 U.S.C. § 1981, § 1982, § 1985, and § 1986; (2) all § 1983 claims against the DOC; (3) § 1983 claims for damages

---

[6] In any event, Robinson has not alleged any facts establishing that Wetzel was personally responsible for the issuance of the misconducts.  *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015) (explaining bases for supervisory liability).

against Wetzel in his official capacity; (4) challenges to the DOC mail policy based on the Eighth Amendment or Equal Protection Clause; and (5) Robinson's retaliation claim. As it does not appear that Robinson and Hull can cure the defects in those claims, they will not be given leave to amend. However, the Court will direct service on Wetzel and Smart Communications so that Robinson and Hull may proceed on a First Amendment and Fourth Amendment challenges to the DOC mail policy. An appropriate Order follows.