**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS ROBINSON,** *et al.*, | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 19-CV-1689** |
| | : | |
| **PA. DEPT. OF CORRECTIONS,** *et al.*, | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 13th day of May, 2019, upon consideration of Plaintiff Thomas Robinson's Motion to Proceed *In Forma Pauperis* (ECF No. 6) and Prisoner Trust Fund Account Statement (ECF No. 7), Plaintiff William Hull's Motion to Proceed *In Forma Pauperis* (ECF No. 4) and Prisoner Trust Fund Account Statement (ECF No. 3), and their *pro se* Complaint (ECF No. 1), it is **ORDERED** that:

1.     Robinson and Hull are both **GRANTED** leave to proceed *in forma pauperis*.

2.     Thomas Robinson, # DD-0143, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.  The Court hereby directs the Superintendent of SCI Phoenix or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Robinson's inmate account; or (b) the average monthly balance in Robinson's inmate account for the six-month period immediately preceding the filing of this case.  The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case.  In each succeeding month when the amount in Robinson's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding

month's income credited to Robinson's inmate account until the fees are paid. Each payment shall reference the docket number for this case.

3.     William Hull, #AS-0932, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court hereby directs the Superintendent of SCI Phoenix or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Hull's inmate account; or (b) the average monthly balance in Hull's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Hull's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Hull's inmate account until the fees are paid. Each payment shall reference the docket number for this case

4.     The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of SCI Phoenix.

5.     The Complaint is **DEEMED** filed.

6.     The following claims are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) for the reasons discussed in the Court's Memorandum: (1) all claims under 42 U.S.C. § 1981, § 1982, § 1985, and § 1986; (2) all § 1983 claims against the DOC; (3) § 1983 claims for damages against Wetzel in his official capacity; (4) challenges to the DOC mail policy based on the Eighth Amendment or Equal Protection Clause; and (5) Robinson's

retaliation claim. The Clerk of Court shall **TERMINATE** the Pa. Dept. of Corrections as a Defendant in this case.

7.     The Clerk of Court is specially appointed to serve written waiver requests on the remaining Defendants, pursuant to Federal Rule of Civil Procedure 4(d), to effect waiver of service, so Robinson and Hull can proceed on their remaining claims at this time. The waiver of service requests shall be accompanied by a copy of the Complaint and a copy of this Order and accompanying Memorandum and shall inform the Defendants of the consequences of compliance and failure to comply with the requests. The requests shall allow the Defendants at least 30 days from the date they are sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers. If a signed waiver is not returned within the time limit given, the Clerk of Court shall issue summonses and transmit the summonses and a copy of the Complaint and a copy of this Order and accompanying Memorandum to the U.S. Marshals Service for immediate service.

8.     All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct
> copy of the foregoing (name of pleading or other paper)
> has been served upon (name(s) of person(s) served) by
> placing the same in the U.S. mail, properly addressed,
> this (day) of (month), (year).
>
> _____
>    (Signature)"

9. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and local rules are to be followed. Robinson and Hull are specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

10. Robinson and Hull are specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Robinson and Hull shall attempt to resolve any discovery disputes by contacting defendant's counsel directly by telephone or through correspondence.

11. No direct communication is to take place with the District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

12. In the event a summons is returned unexecuted, it is Robinson and Hull's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the defendant's correct address, so service can be made.

13. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**