**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS ROBINSON, WILLIAM HULL,** | : : : : | **CIVIL ACTION** |
| *Plaintiffs,* | : : | |
| v. | : : | No. 19-cv-1689 |
| **JOHN WETZEL, SMART COMMUNICATIONS HOLDINGS, INC.** | : : : | |
| *Defendants.* | : : : | |

## **ORDER**

**AND NOW**, this 15th day of July, 2020, upon consideration of Defendant John Wetzel's Motion to Dismiss (ECF No. 22), Smart Communications Holding, Inc.'s Motion to Dismiss (ECF No. 37), the response in opposition by *pro se* Plaintiffs Thomas Robinson and William Hull (ECF No. 31), Plaintiffs' "Motion Requesting that this Court Add New Evidence of Defendants John Wetzel and Pa. DOC Violating Their 4th Amendment Rights, and Unlawfully Destroying Their Property, (i.e. Legal/Court Mail) to the Official Court Record" (ECF No. 42), Plaintiffs' Motion for Sanctions (ECF No. 43), and the respective response and reply thereto (ECF Nos. 44, 45), I find as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

1. Plaintiffs, prisoners incarcerated at SCI Phoenix, filed this civil action against the Pennsylvania Department of Corrections ("DOC"), John Wetzel ("Wetzel"), and Smart Communications Holding, Inc. ("Smart Communications"), alleging that the DOC's mail policy violates their constitutional rights.  (Compl. ¶¶ 15, 8.)

2. The mail policy at issue went into effect on or about September 7, 2018 through a contract between the Pennsylvania DOC and Smart Communications. Pursuant to the policy, all inmate mail, including both privileged, legal mail and non-privileged mail, was sent to Smart Communications to be converted into searchable, digital documents. The digital files were then emailed to the prison facility, printed, and given to the inmate. Additionally, inmates were required to use envelopes bearing Smart Communications' Florida address as their return address. (Id. ¶¶ 9–10)

3. Plaintiffs allege that Defendants' implementation of the mail policy is unlawful as Defendants intercept both privileged legal mail and non-privileged mail, inspect it, scan copies of said mail to SCI-Phoenix, and destroy the original pieces of mail. Plaintiffs further allege that the mail policy only considers mail coming from the Court to be privileged. Plaintiffs claim that privileged attorney-client mail is reviewed and stored in a manner that violates attorney-client confidentiality. Plaintiffs further assert that they "do not want the defendants copying, storing, [or] destroying any of their property, (i.e. mail), especially court mail, attorney-client privileged mail, legal strategy, banking information, photos, etc." (Id. ¶¶ 9–13.)

4. By Memorandum and Order entered on May 13, 2018, I granted Plaintiffs leave to proceed *in forma* pauperis, dismissed the Pennsylvania DOC as a defendant, and dismissed some claims from the Complaint, pursuant to my 28 U.S.C. § 1915(e)(2)(B) screening. Accordingly, Plaintiffs' only remaining claims are those against Defendants Wetzel and Smart Communications (collectively, "Defendants") under 42 U.S.C. § 1983 for alleged violations of Plaintiffs' First and Fourth Amendment rights. For these

remaining claims, Plaintiffs request injunctive relief to prohibit the DOC from applying the mail policy. Plaintiffs also request punitive damages.

5. Defendants now move for dismissal of remaining claims under Rule 12(b)(6).

6. In addition, Plaintiffs have requested that sanctions be imposed against Smart Communications for its alleged failure to comply with Plaintiffs' discovery requests.

## II.  STANDARD OF REVIEW

7. When considering a motion to dismiss, the Court must assume the veracity of well-pleaded factual allegations, construe them in a light most favorable to the Plaintiff, and "then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) (aff'g Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The court may only look to the facts alleged in the complaint and its attachments when deciding a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

8. Because Plaintiffs are proceeding *pro se*, their Complaint is to be "liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2005). While *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).


**III.   DISCUSSION**

9. Defendants argue that Plaintiffs' Complaint should be dismissed because their alleged conduct does not amount to a violation of Plaintiffs' First or Fourth Amendment rights.[1]

### A.  First and Fourth Amendments Claims Based on Privileged Legal Mail

10. Plaintiffs first request injunctive relief, claiming that the DOC's mail policy concerning privileged legal mail violated their First and Fourth Amendment rights. Defendants move to dismiss Plaintiffs claims, noting that the DOC mail policy about which Plaintiffs complain has since been amended.

11. Defendants are correct that following a settlement of a separate lawsuit regarding this same mail policy, the DOC established a new privileged mail policy. See Pennsylvania Institutional Law Project v. Wetzel, No. 18-cv-2100-JEJ (M.D. Pa. 2019) (settling issues pertaining to the DOC's treatment of legal mail). Pursuant to this new policy, which became effective on April 6, 2019, "all incoming, privileged inmate correspondence must be addressed and sent to the inmate at the address of the institution where he or she is housed." Brock v. Corrections Emergency Response Team, No. 18-3814, 2020 WL 668271, at *5 (E.D. Pa. Feb. 10, 2020) (citations omitted).[2] Because the new policy eliminated the legal mail procedures about which Plaintiffs complain, Plaintiffs' claims under the First and Fourth Amendment regarding the handling of their privileged legal mail are now moot. See Brock, No. 18-3814, 2020 WL 668271, at *5 (denying as moot a

---

[1]   Smart Communications also argues that Plaintiffs' claims against it are not viable because it is neither a state actor nor was it acting under the color of state law. Because I find that Plaintiffs' Complaint will be dismissed on other grounds, I will not consider Smart Communications' additional argument.

[2]   The recently revised mail policy, DCM-ADM 803 § 1(A)(4), is available at https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/803%20Inmate%20Mail%20and%20Incoming%20Publications.pdf (last visited July 10, 2020).

DOC inmate's claim for injunctive relief since the challenged mail policy was no longer in effect); Woodell v Pa. D.O.C. Secretary of Corrections, No. 18-4430, 2020 WL 2841380, at *4, n.9 (E.D. Pa. June 1, 2020) ("With regard to the privileged mail, and to the extent it was ever sent to Smart [Communications], the new policy regarding privileged mail would render moot any prior claim for injunctive relief pertaining to privileged mail going to Smart [Communications] for processing.").

12. As the challenged policy regarding legal mail is no longer in effect, I will dismiss as moot Plaintiffs' First and Fourth Amendment claims for injunction relief.

### B. Fourth Amendment Claims Based on Non-Privileged Mail

13. Plaintiffs also claim that their Fourth Amendment rights were violated when the original copies of their non-privileged mail were sent to Smart Communications "for the sole purpose of searching and seizing." (Compl. ¶ 11.) Defendants respond that such claims should be dismissed because Plaintiffs do not have a reasonable expectation of privacy in their incoming, non-privileged mail.

14. Traditionally, to establish a claim under the Fourth Amendment, the Supreme Court requires a plaintiff "claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by the government action." Smith v. Maryland, 442 U.S. 735, 740 (1979). This claim of privacy is determined if (1) an individual exhibits an "actual (subjective) expectation of privacy," and (2) if that expectation is one which society recognizes as "reasonable." Id.; see also United States v. Werdene, 188 F. Supp.3d 431, 443 (E.D. Pa. 2016).

15. While prisoners are not "stripped" of their constitutional protections upon their imprisonment, their privacy is "diminished in scope." United States v. Ligambi, 886 F.

5

Supp.2d 492, 495 (E.D. Pa. 2012) (citing Bell v. Wolfish, 441 U.S. 520, 521–22 (1979)). "The Supreme Court has concluded that the Fourth Amendment right to privacy, to be free from unreasonable searches, is fundamentally inconsistent with incarceration." Doe v. Delie, 257 F.3d 309, 316 (3d Cir. 2001). "An inmate's Fourth Amendment rights are among the rights subject to curtailment. In particular, the Fourth Amendment does not protect an inmate from the seizure and destruction of his property." Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989) (citing Hudson v. Palmer, 468 U.S. 517, 524 (1984)).

16. "When a prisoner is made aware that his nonlegal mail may be subjected to official scrutiny, pursuant to institutional policies, the inmate [] . . . [has] no expectation of privacy in either his incoming or outgoing mail while incarcerated." United States v. Solomon, No. 05-0385-01, 2007 WL 1099097, at *3–4 (W.D. Pa. Apr. 11, 2007) (surveying Fourth Amendment jurisprudence as applied to non-privileged prisoner mail); Ball v. Oden, No. 09-0847, 2010 WL 1903588 (M.D. Pa. May 10, 2010) (dismissing an inmate's complaint in part because a claim based on the destruction of inmate mail did not state a claim for a violation of the Fourth Amendment).

17. Here, Plaintiffs were aware of the DOC mail policy by which their mail was sent to Smart Communications for processing. In fact, as it relates to Defendant Wetzel and SCI-Phoenix's inspection of their mail, Plaintiffs acknowledge that their privacy rights are limited. (Pl.'s Opp. at 2, ECF No. 31 ("The plaintiffs contends, they fully understand that their rights to privacy is limited as it relates to their mail in entering and/or exiting SCI-Phoenix. Prison staff have a duty and responsible to inspect all incoming mail for contraband. In this respect, plaintiff's privacy in limited.")). Therefore, as inmates,

Plaintiffs had no reasonable expectation of privacy in either their incoming or outgoing non-legal mail.

18. Finally, Plaintiffs contend that even if prison officials maintained the right to inspect inmate's incoming, non-privileged mail, such right was not afforded to Smart Communications.

19. The Fourth Amendment does not apply to private searches and seizures. United States v. Crist, 627 F. Supp.2d 575, 582 (M.D. Pa. 2008) (citing Burdeau v. McDowell, 256 U.S. 465, 475 (1921)); see also Smith, 442 U.S. at 740 (describing how "government action" is required for a Fourth Amendment claim to be invoked).  Therefore, if Smart Communications is a private actor, the Fourth Amendment does not apply.  However, even if Smart Communications was considered a government actor, Plaintiffs' lack the requisite reasonable expectation of privacy in their non-privileged mail to state a claim under the Fourth Amendment.  See Woodell, 2020 WL 2841380, at *12 (dismissing a Fourth Amendment claim based on the mail processing policy, noting that inmates have no reasonable expectation of privacy); see also Hudson, 468 U.S. at 536 (1984) ("We hold that the Fourth Amendment has no applicability to a prison cell."); Katz v. United States, 389 U.S. 347, 350 (1967) ("[T]he Fourth Amendment cannot be translated to a general constitutional 'right to privacy.'").

20. In Woodell, the district court reviewed and dismissed an inmate's complaint, which, like the present litigation, alleged various constitutional violations against the DOC and Smart Communications based on the same mail policy about which Plaintiffs Robinson and Hull are currently complaining.  Id.  In particular, the Woodell court dismissed the inmate's putative Fourth Amendment claim against Smart Communications, reasoning, in

part that "[t]o the extent [plaintiff] is basing his claim on the loss, destruction, or defacement of his property, he has not stated a plausible claim under the Fourth Amendment because prisoners have no legitimate expectation of privacy and the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells." Id. at *14 (citations omitted).

21. Accordingly, Plaintiffs' claims for violations of their Fourth Amendment rights based on their non-privileged mail will be dismissed.

**WHEREFORE**, it is hereby **ORDERED** as follows:

a) Defendant John Wetzel's Motion to Dismiss (ECF No. 22) is **GRANTED**;

b) Defendant Smart Communications Holdings Inc.'s Motion to Dismiss (ECF No. 37) is **GRANTED**;

c) Therefore, Plaintiffs' Complaint is **DISMISSED with prejudice** as amendment would be futile;

d) Plaintiffs' "Motion Requesting that this Court Add New Evidence of Defendants John Wetzel and Pa. DOC Violating their 4th Amendment Rights, and Unlawfully Destroying their Property, (i.e. Legal/Court Mail) to the Official Court Record" (ECF No. 42) is **GRANTED** insofar as I have considered Plaintiffs' submission in reaching the present decision;

e) Plaintiffs' Motion for Sanctions against Smart Communications (ECF No. 43) is **DENIED** based on my January 31, 2020 Order (ECF No. 39), which stayed discovery pending the disposition of all Motions to Dismiss; and

f) The Clerk of Court is directed to mark this case **CLOSED**.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**